Rudie Jaramillo, G07678
Name and Prisoner/Booking Number

CSP- Mule Creek
Place of Confinement

P.O. Box 409020
Mailing Address

Ione, CA 95640
City, State, Zip Code

(Failure to notify the Court of your change of address may result in dismissal of this action.)

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA

Rudie Jaramillo,
(Full Name of Plaintiff)        Plaintiff,

v.

(1) Joseph Burnes
(Full Name of Defendant)

(2) Alphonso Garcia

(3) A. Rodriguez

(4) M. Barrett
                Defendant(s).

☒ Check if there are additional Defendants and attach page 1-A listing them.

CASE NO.  2:23-cv-0797 AC (PC)
(To be supplied by the Clerk)

**CIVIL RIGHTS COMPLAINT
BY A PRISONER**

☒ Original Complaint
☐ First Amended Complaint
☐ Second Amended Complaint

## A. JURISDICTION

1. This Court has jurisdiction over this action pursuant to:
   ☒ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
   ☐ 28 U.S.C. § 1331; <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971).
   ☐ Other: _____

2. Institution/city where violation occurred: CSP- Corcoran

Revised 3-15-2016                                1

Defendants

# 1-A

5) S. Bartolo, C/O at Corcoran
6) A. Hernandez, C/O at Cor
7) J. Contreras, C/O at Cor
8) ~~John Doe~~ E. Ruiz, C/O at Cor
9) Villanueva-Garcia, R., C/O at Cor

1-A

## B. DEFENDANTS

1. Name of first Defendant: __Joseph Burnes__. The first Defendant is employed as: __Sergeant__ at __Corcoran__
   (Position and Title) (Institution)

2. Name of second Defendant: __A. Rodriguez__. The second Defendant is employed as: __Corrections Officer__ at __Corcoran__
   (Position and Title) (Institution)

3. Name of third Defendant: __A. Garcia__. The third Defendant is employed as: __C/O__ at __Corcoran__
   (Position and Title) (Institution)

4. Name of fourth Defendant: __M. Barrett__. The fourth Defendant is employed as: __C/O__ at __Corcoran__
   (Position and Title) (Institution)

Continues on 1-A

If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.

## C. PREVIOUS LAWSUITS

1. Have you filed any other lawsuits while you were a prisoner? ☒ Yes  ☐ No

2. If yes, how many lawsuits have you filed? __3__. Describe the previous lawsuits:

   a. First prior lawsuit:
      1. Parties: __Rudie Jaramillo__ v. __Joseph Burnes et al.__
      2. Court and case number: __Eastern District of California, 1:21-cv-00712-JLT (PC)__
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) __Dismissed for failure to Exhaust__

   b. Second prior lawsuit:
      1. Parties: __Rudie Jaramillo__ v. __T. Tanner__
      2. Court and case number: __Eastern Dist. of California, 2:22-cv-00075-EFB__
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) __Is pending trial__

   c. Third prior lawsuit:
      1. Parties: __Rudie Jaramillo__ v. __Joseph Burnes et. al.__
      2. Court and case number: __Eastern Dist. of CA., 1:22-cv-00233-ADA-BAM__
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) __Dismissed for not paying filing fees.__

If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.

## D. CAUSE OF ACTION

### CLAIM I

1. State the constitutional or other federal civil right that was violated: Eighth Amendment to be free from Cruel & Unusual Punishment

2. Claim I. Identify the issue involved. Check only one. State additional issues in separate claims.
   - ☐ Basic necessities
   - ☐ Mail
   - ☐ Access to the court
   - ☐ Medical care
   - ☐ Disciplinary proceedings
   - ☐ Property
   - ☐ Exercise of religion
   - ☐ Retaliation
   - ☒ Excessive force by an officer
   - ☐ Threat to safety
   - ☐ Other: _____

3. Supporting Facts. State as briefly as possible the FACTS supporting Claim I. Describe exactly what each Defendant did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

   On 4-29-2019 at 11:00 am C/O E.Ruiz, J.Contreras, A.Garcia came to the Plaintiff's cell door banged on the door and said they have to do a cell search cuff up the Plaintiff having been attacked by E.Ruiz and A.Garcia the Defendants before on 4-25-19 refused to put himself in there custody and asked for a LT. or Captain. From the side of the Plaintiff's view Sgt Def. J.Burnes came to the door and said the Plaintiff had to cuff up the Plaintiff asked why the Def.Burnes said you know why. Meaning the day before 4-28-19 the Plaintiff did a staff complaint video interview and for the 4-25-19 incident where 4 C/Os pulled a lanyard triangle trying to hurt the Plaintiff causing a fracture in his left ulna. During that interview the Def was staring at him saying RAT. and acting like he was going to hurt him with the other Def's present, the ones involved in this case. The Plaintiff asked for a non bias escort and was denied the Defs left and then came back with other Defs. M.Barrett, A.Hernandez, S.Bartolow and A.Rodriguez carrying a shield to do cell extractions. The Defs came to cell 25 to get the Plaintiff out the cell and attack him with no cameras or non bias staff. When the cell opened the Plaintiff ran out into the day room to get a witness to the actions of the Defs and he did his neighbor in 24. Once outside the Def grabbed him and Defs. A.Garcia, M.Barrett, E.Ruiz, S.Bartolou, A.Hernandez started hitting him with there fists except E.Ruiz used his baton to repeatedly hit the Plaintiff in the head. The Plaintiff never chose to hit any of the Defs. After that the plaintiff went to the floor with the Defs piling on him striking his sides and legs then E.Ruiz jumped on the Plaintiff's back with his knee and his other hitting the floor then he started using his baton on the back of the head of the Plaintiff and his shoulders & spine.

4. Injury. State how you were injured by the actions or inactions of the Defendant(s).
   The Defs caused lacerations, bruises, a lot of swelling, reinjured my broken ulna and splint. (Laceration to the front & back of head. Bruises all over the Plaintiff's back and face and left arm. Laceration on the eyebrow (Right)

5. Administrative Remedies:
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ☒ Yes ☐ No
   b. Did you submit a request for administrative relief on Claim I? ☒ Yes ☐ No
   c. Did you appeal your request for relief on Claim I to the highest level? ☒ Yes ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. See Attached Third Level response.

3

Cause of of Action, supporting facts continue:

3. Def. A. Hernandez and S. Bartolow where holding the Plaintiffs arms kneeing and punching the face of him. Def.s A. Rodriguez and Sgt. J. Burnes stood watching the whole time till they saw the Plaintiff look at them then they took turns kicking the Plaintiff in the face causing a gash in the eyebrow and bruises and swollen areas. From E. Ruiz's baton the back of the Plaintiffs head has a split/gash nit also bleeding.

Def.s A. Garcia and M. Barrett are hitting and kneeing the Plaintiffs legs and unecessarily holding the prone legs of his.

Def Burnes finally orders the other Defs to put cuffs and leg irons on the plaintiff at no point did the Plantiff choose to strike the Defs even though they were attacking him while his left arm was in a full arm splint from the 4-25-19 incident. The Defs couldn't get the splint off to put cuffs on so they attempted to rip and twist it off as shown in the pictures of the incident/injurys.

When the cuffs and leg irons were put on tight as possible the Defs took the Plaintiff to the rotunda next to the office of the C/Os. With the leg irons on and the chair backwards the Plaintiff couldn't sit down and told the Defs that but they pulled him to the floor and Defs. A. Hernandez and S. Bartolow punched and kneed him a few times and then picked the prone Plaintiff up and he chose to just sit down regularly on the now forward chair.

At this point Def. J. Burnes called on the radio for a ERV and medical to come to YA1R. After that he tried to humiliate the plaintiff who's sitting and being held down by the rest of the Defs. by saying how does it feel to get battered? The Def hit the Plaintiff twice with a punch and then the Plaintiff said you aint shit! Def. E. Ruiz yelled "Don't talk to my Sgt. like that! and tackled the sitting Plaintiff to the ground and begun punching him and then Def. Burnes ordered one of the Defs to "break that fucking wrist!" It was very painful cause they used the cuffs as leverage but suddenly two Psychtechs came into the block a older white man and female. Def Burnes yelled hesterically "Get out, Get out, Get out if it doesn't concern you!

Page 3-B

Continuing supporting facts:

3. The Psychtechs got scared and ran back out of the block then the Def Burnes ordered the rest of the Def to "pick him up and sit him down" The Plaintiff chose to go along with the Defs to get it over with.

Finally Medical, different Psych techs came to see the Plaintiff they came with the GRV I believe. Once the medical decided the Plaintiff needs to get more treatment. While on the gurney the Def tried again to humiliate the Plaintiff taunting him with random comments of gang affiliations, baffling the responders and medical. No one paid really to much attention to him though, he kept it up even outside in front of 4A1R Building.

Defs Bartolow and A. Hernandez watched/escorted the Plaintiff during his medical treatment again the plaintiff never chose to injure the Defs. Once done with medical a video staff complaint was done at 4A1R with Sgt. Green. After that the Plaintiff was put back in the 2S cell. Dealing daily with harassments and taunts of the Defs.

During the whole incident C/O Def. Villanueva-Garcia was in the tower doing as the Def. Sgt. J. Burnes ordered. Even though he did not get a chance to hit and beat the plantiff.

All the incidents here were done with malice and forethought by the Defs and should be accountable for those actions.

## CLAIM II

1. State the constitutional or other federal civil right that was violated: <u>Retaliation violated their First Amendment Right</u>

2. **Claim II.** Identify the issue involved. Check only one. State additional issues in separate claims.
   - ☐ Basic necessities
   - ☐ Mail
   - ☐ Access to the court
   - ☐ Medical care
   - ☐ Disciplinary proceedings
   - ☐ Property
   - ☐ Exercise of religion
   - ☒ Retaliation
   - ☐ Excessive force by an officer
   - ☐ Threat to safety
   - ☐ Other: ___

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Claim II. Describe exactly what each Defendant did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

   On 4-29-19 at about 11:00 am Defendants Joseph Burnes, A. Garcia, A. Rodriguez, E. Ruiz, A. Hernandez, M. Barrett, S. Bartolow, Villa-nueva-Garcia used force as retaliation for a Staff Complaint Video Interview done on 4-28-19. During the interview the Defs and other c/os stared threateningly at the Plaintiff the whole interview, mouthing the word RAT and pounding their hands into each other while walking by laughing at times. The interview was for a 4-25-19 incident where the Plaintiffs arm was injured by 4 Corrections officers (E. Ruiz, C. Gamboa, A. Garcia, L. Loza). The actions done to the plaintiff significantly injured his body and reinjured his already broken arm and loss good time and was charged with battery on a Peace officer all in attempts to stop his continuing his grievance and potential suit.
   The incidents by the Defs happen repeatedly and day after the interview and the Defs showed their intentions to the plaintiff during the interview and on the day of the beating told him when asked "why do I need to put cuffs on and do a cell search? You know why." he was told by Defs J. Burnes and E. Ruiz
   (Refer to Claim I for 4-29-19 details)

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).
   Lacerations to face & head, bruises, contusions, swellings in face & shoulders/back. (Refer to Staff Complaint Video Interview Log # CoR-19-03132.

5. **Administrative Remedies.**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ☒ Yes ☐ No
   b. Did you submit a request for administrative relief on Claim II? ☒ Yes ☐ No
   c. Did you appeal your request for relief on Claim II to the highest level? ☒ Yes ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. ___

4

## E. REQUEST FOR RELIEF

State the relief you are seeking:

Plaintiff respectfully prays that this Court enter judgement Granting Plaintiff a declaration that the acts and omissions described herein violates his rights under the constitution and laws of the United States and a order for the Defs to not harass or assault the Plaintiff again. The plaintiff also request the Court grant compensatory damages in the amount of 250,000$ against each def. jointly and severally, punitive damages in the amount of 10,000$ from each def., recovery of his cost in this suit and any other relief this court deems just, proper, and equitable. Cameras should be put up in all areas of Corcoran State Prison also.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____
DATE

_Rudie Jaramillo_
SIGNATURE OF PLAINTIFF

_____
(Name and title of paralegal, legal assistant, or other person who helped prepare this complaint)

_____
(Signature of attorney, if any)

_____
(Attorney's address & telephone number)

## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form. If you need more space you may attach more pages, but you are strongly encouraged to limit your complaint to twenty-five pages. If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages. Remember, there is no need to attach exhibits to your complaint.

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
OFFICE OF APPEALS
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

# THIRD LEVEL APPEAL DECISION

Date: November 22, 2021

In re: Jaramillo, Rudie G07678
SAC

TLR Case No.: 2009894
Local Log No.: COR-19-03132

## I. ISSUE ON APPEAL:

Appellant alleges misconduct (excessive force and threats) by custody staff at California State Prison - Corcoran (COR) on April 29, 2019.

## II. CONTROLLING AUTHORITY:

### A. CONTROLLING AUTHORITY:

- California Penal Code 832.7 and 832.8
- California Code of Regulations, Title 15, (CCR) Section 3084.9(A) and 3391
- Departmental Operations Manual (DOM) Section 33030.3.1 and 54100.25

### B. DOCUMENTS CONSIDERED:

- CDCR 602 Appeal Form Log No.: COR-19-03132
- Confidential Supplement Attachment "C" to appeal COR-19-03132
- Institutional Executive Review Committee Allegation Review dated October 15, 2020

## III. FINDINGS:

The Office of Appeals (OOA) found by a preponderance of the documented evidence available that applicable policies were followed and that all relevant decisions and actions by the institution were proper relative to the staff complaint. The allegation of staff misconduct presented in the written complaint was reviewed and completed at the institution (COR). The inquiry included a review of the evidence, an evaluation of any interview conducted and a review of current laws, policies and procedures. All staff personnel matters are confidential in nature. The inquiry was completed and it was found that staff did not violate policy with respect to the issue appealed. The Second Level appeal was partially granted in that an inquiry was completed and has been reviewed. The Office of Appeals Examiner reviewed the confidential inquiry (Attachment C) dated June 17, 2019 and the amended Attachment C dated November 5, 2020. The institution's response complies with departmental policy and the appellant's staff complaint allegation was properly addressed.

## IV. CONCLUSION AND ORDER: DENIED

After a thorough review of all documents and evidence, it is the order of the Office of Appeals that the appeal at the Third Level of Review is **DENIED**. This decision exhausts the administrative remedies available to the appellant with CDCR.

W. SINKOVICH, Appeals Examiner
Office of Appeals
cc: Grievance Coordinator, COR

# Memorandum

Date : June 17, 2019

To : Jaramillo, G07678
4A1L-11L
California State Prison-Corcoran

Subject: **STAFF COMPLAINT RESPONSE - APPEAL # CSPC-5-19-03132 *SECOND* LEVEL RESPONSE, Log # COR-2140-19-173**

> **APPEAL ISSUE:** You allege on April 29, 2019, you were the victim of excessive force. You alleges on April 29, 2019 at around 1200 or 1300 hours Officer Ruiz and Sergeant Burns and another Officer came to your cell door and told you to submit to handcuffs as staff were going to conduct a cell search which you refused to comply. You contend Sergeant Burns and Officers E. Ruiz, A. Rodriguez, A. Garcia and other staff approached your cell door when the door began to open. You claim you attempted to run out of the cell when the Officers push you against the outside of the cell door and begin to strike you. You contend Officer Ruiz struck you with a closed baton when you were forced to the ground. You allege you were struck in the face and then struck in the back of the head with a baton. You claim while on the ground you heard someone yell, "fucking bitch, give me your wrist" and Sergeant Burns shout, "Break that fucking wrist." You allege you were escorted to the rotunda area and ordered to sit in the chair and wrap your legs around the chair when you were taken to the ground and punched by Sergeant Burns twice and then again by Officer Ruiz.
>
> **EFFECTIVE COMMUNICATION:** A review of the Test of Adult Basic Education list revealed you have a documented TABE score above 4.0 (9.4). Therefore, you do not require special accommodation to achieve effective communication. Furthermore you responded by saying you understood the process and responded with appropriate questions and responses during the interview process.
>
> **DETERMINATION OF ISSUE:** A review of the allegations of staff misconduct presented in the written complaint has been completed. Based upon this review your appeal is being processed as an **Appeal Inquiry.**
>
> You were interviewed on April 29, 2019, by Correctional Sergeant K. Green and you stated all the information should be in the appeal and you wished to proceed with the staff complaint.
>
> **Your appeal is PARTIALLY GRANTED in that:**
>
> ➢ The **Appeal Inquiry** is complete/ has been reviewed and all issues were adequately addressed.

Inmate Jaramillo, G07678
CSPC-5-19-03132, Log #COR-2140-19-173
Page 2

> The following witness(s) were questioned: Inmates Snowden, Hume, Rastsavongsy were interviewed.
>
> The following documents were reviewed: CDCR-3013-1, CDCR-3014, Videotaped interview, Incident package COR-04A-19-04-00534A1
>
> Staff: **did** ☐ **did not** ☒ violate CDCR policy with respect to one or more of the issues appealed.

ALL STAFF PERSONNEL MATTERS ARE CONFIDENTIAL IN NATURE.
- As such, the details of any inquiry will not be shared with staff, members of the public, or offender appellants.
- Although you have the right to submit a staff complaint, a request for administrative action regarding staff or the placement of documentation in a staff member's personnel file is beyond the scope of the staff complaint process. A variety of personnel actions may be initiated by the Department based upon the content of your complaint and the outcome of any investigation or inquiry conducted as a result of your complaint.
- Allegations of staff misconduct do not limit or restrict the availability of further relief via the inmate appeals process.

If you wish to appeal the decision and/or exhaust administrative remedies, you must submit your staff complaint appeal through all levels of appeal review up to, and including, the Secretary's/Third Level of Review. Once a decision has been rendered at the Third Level, administrative remedies will be considered exhausted.

Print: L. Rodriguez    Sign: _____    Date: 6-17-19
Interviewer

Print: M. Gamboa    Sign: _____    Date: 6/18/19
Hiring Authority

Appeal Log No: CSPC-5-19-03132, Log #COR-2140-19-173

State of California  
Attachment E-1  
Department of Corrections and Rehabilitation

# Memorandum

Date : November 5, 2020

To : Jaramillo, G07678  
B 008 1-006001L  
California State Prison-Sacramento

Subject: **STAFF COMPLAINT RESPONSE - APPEAL # CSPC-5-19-03132 SECOND LEVEL RESPONSE. (COR-2140-19-173) AMENDED**

**APPEAL ISSUE:** You, inmate Jaramillo Alleged on April 29, 2019, you were the victim of excessive force. You alleged on April 29, 2019 at approximately 1200 or 1300 hours Officer Ruiz, Sergeant Burns and one other staff came into your cell door to cuff up for the intend to conduct a cell search, which you refused to comply. You contended Sergeant Burns and Officer E. Ruiz, A. Rodriguez, and one other staff approached your cell door once the door began to open. You claim you attempted to run out of the cell when the Officers pushed you against the outside of the cell door and began to strike you. You contend Officer Ruiz struck you with a closed baton when you were forced to the ground. You alleged you were struck with a closed baton when you were forced to the ground. You alleged the baton struck your face and in the back of your head. You claimed while on the ground you heard someone yelled, Fucking Bitch, give me your wrist." Sergeant Burns shouted, "Break that fucking wrist." You alleged you were escorted to the rotunda area and ordered to sit in the chair and wrap your legs around the chair when you were taken to the ground and punched by Sergeant Burns twice and then again by Officer Ruiz.

All issues unrelated to the allegation of staff misconduct must be appealed separately and will not be addressed in this response. You do not exhaust administrative remedies on any unrelated issue not covered in this response or concerning any staff member not identified by you in this complaint. If you are unable to name all involved staff you may request assistance in establishing their identity.

**DETERMINATION OF ISSUE:** A review of the allegations of staff misconduct presented in the written complaint has been completed. Based upon this review your appeal is

➢ Being processed as an Appeal Inquiry.

You were interviewed on April 29, 2019 by Correctional Sergeant K. Green. During the interview, you only reiterated what was documented on your appeal and had no new information to add.

**EFFECTIVE COMMUNICATION:** A review of the Disability and Effective Communication System (DECS) reveals you have a Test of Adult Basic Education (TABE) of 09.4. You are a participant in the Mental Health services Delivery System at the Correctional Clinical Case Management

Appeal Log No: CSPC-5-19-03132/COR-2140-19-173

System level of care. During your interview with Correctional Sergeant K. Green, you were afforded the opportunity to fully explain your appeal and provide any additional information. Your personal interaction with the interviewer indicated you understood the conversation, satisfying the interviewer that effective communication was achieved.

**Your appeal is PARTIALLY GRANTED in that:**

> The **Appeal inquiry** is has been reviewed and all issues were adequately addressed.

The following witness (es) were questioned: (See Original C dated June 17, 2019)

Staff: *did* ☐ *did not* ☒ violate CDCR policy with respect to one or more of the issues appealed.

ALL STAFF PERSONNEL MATTERS ARE CONFIDENTIAL IN NATURE.
- As such, the details of any inquiry will not be shared with staff, members of the public, or offender appellants.
- Although you have the right to submit a staff complaint, a request for administrative action regarding staff or the placement of documentation in a staff member's personnel file is beyond the scope of the staff complaint process. A variety of personnel actions may be initiated by the Department based upon the content of your complaint and the outcome of any investigation or inquiry conducted as a result of your complaint.
- Allegations of staff misconduct do not limit or restrict the availability of further relief via the inmate appeals process.

If you wish to appeal the decision and/or exhaust administrative remedies, you must submit your staff complaint appeal through all levels of appeal review up to, and including, the Secretary's/Third Level of Review. Once a decision has been rendered at the Third Level, administrative remedies will be considered exhausted.

**The Institutional Executive Review Committee reviewed the allegations contained within the appeal. Policy was not violated with respect to one or more of the issues appealed.**

*[Print Name, Sign and Date]:*

Print: _J. ESpiN_ Sign: _____ Date: _11/5/2020_
Interviewer

Print: _M. Gamboa_ Sign: _____ Date: _11/6/2020_
Hiring Authority

Appeal Log No: CSPC-5-19-03132/COR-2140-19-173

Template Date 4/4/2012
State of California

Attachment E-1
Department of Corrections and Rehabilitation

# Memorandum

Date : September 26, 2019

To : Jaramillo, G07678
Z 1G1-187L

Subject: **STAFF COMPLAINT RESPONSE - APPEAL # CSPC-7-19-05383 *SECOND* LEVEL RESPONSE. (COR-2140-19-374)**

**APPEAL ISSUE:** You allege on the day of you moving from 4A1L to ASU1 Officers Alejo and Loza shoved you into the wall in the rotunda area and Officer Alejo said, "Why did you say that shit about me in committee. You allege you stated you didn't know him and didn't say anything about him. You allege Officer Alejo continued his threats about if you came back to the SHU, Officer Alejo will not feed you and assault you and you better go EOP. You alleges this is in retaliation for 602's and staff complaints you filed. You allege you were stripped searched twice and while being escorted to ASU1 Officer Alejo kept saying, "you better not come back or I will kick your ass and Sgt. Burnes and another Officer heard all of it and did not say anything. You allege you complied all the way to ASU1 and Officer Alejo loudly and aggressively continued to threaten you stating, "You better not come back or I will really kick your ass". You allege while your property was getting searched in ASU1 Officer Loza tore your shoe in front of you.

All issues unrelated to the allegation of staff misconduct must be appealed separately and will not be addressed in this response. You do not exhaust administrative remedies on any unrelated issue not covered in this response or concerning any staff member not identified by you in this complaint. If you are unable to name all involved staff you may request assistance in establishing their identity.

**DETERMINATION OF ISSUE:** A review of the allegations of staff misconduct presented in the written complaint has been completed. Based upon this review your appeal is

Being processed as an Appeal Inquiry.

You were interviewed on September 24, 2019, by Correctional Lieutenant C. Brown, you stated that what you wrote in your appeal is what happened and had nothing else to add.

**EFFECTIVE COMMUNICATION:** A review of the Disability and Effective Communication System (DECS) reveals you have a Test of Adult Basic Education (TABE) score of (9.4).You do not have a documented disability which requires special accommodation to achieve effective communication.

During your interview with Lt. C. Brown, you were afforded the opportunity to fully explain your appeal and provide any additional information. Your personal interaction with the interviewer indicated you understood the conversation, satisfying the interviewer that effective communication was achieved.

**Your appeal is PARTIALLY GRANTED in that:**

> The **Appeal inquiry** is has been reviewed and all issues were adequately addressed.

The following witness (es) were questioned: Officers Rangel, Villa, Sanchez, Saenz and Sgt. Burnes. The following information will be / was reviewed as a result of your allegations of staff misconduct: CDCR-602 Inmate/Parolee Appeal Log # CSPC-7-19-05383, 3013/3014 Video Tape Interview and PREA Closure Chrono.

Staff: **did** ☐ **did not** ☒ violate CDCR policy with respect to one or more of the issues appealed.

ALL STAFF PERSONNEL MATTERS ARE CONFIDENTIAL IN NATURE.
- As such, the details of any inquiry will not be shared with staff, members of the public, or offender appellants.
- Although you have the right to submit a staff complaint, a request for administrative action regarding staff or the placement of documentation in a staff member's personnel file is beyond the scope of the staff complaint process. A variety of personnel actions may be initiated by the Department based upon the content of your complaint and the outcome of any investigation or inquiry conducted as a result of your complaint.
- Allegations of staff misconduct do not limit or restrict the availability of further relief via the inmate appeals process.

If you wish to appeal the decision and/or exhaust administrative remedies, you must submit your staff complaint appeal through all levels of appeal review up to, and including, the Secretary's/Third Level of Review. Once a decision has been rendered at the Third Level, administrative remedies will be considered exhausted.

*[Print Name, Sign and Date]:*

Print: Brown    Sign: C.    Date: 9/26/19
Interviewer

Print: M. Gamboa    Sign: _____    Date: 10/1/19
Hiring Authority

Appeal Log No: CSPC-7-19-05383/COR-2140-19-374

STATE OF CALIFORNIA                                  DEPARTMENT OF CORRECTIONS AND REHABILITATION
RIGHTS AND RESPONSIBILITY STATEMENT
CDCR 1858 (Rev. 10/06)

# RIGHTS AND RESPONSIBILITY STATEMENT

*The California Department of Corrections and Rehabilitation has added departmental language (shown inside brackets, in non-boldface type) for clarification purposes.*

*Pursuant to Penal Code 148.6, anyone wishing to file an allegation of misconduct by a departmental peace officer must read, sign and submit the following statement:*

**YOU HAVE THE RIGHT TO MAKE A COMPLAINT AGAINST A POLICE OFFICER** [this includes a departmental peace officer] **FOR ANY IMPROPER POLICE** [or peace] **OFFICER CONDUCT. CALIFORNIA LAW REQUIRES THIS AGENCY TO HAVE A PROCEDURE TO INVESTIGATE CITIZENS'** [or inmates'/parolee's] **COMPLAINTS. YOU HAVE THE RIGHT TO A WRITTEN DESCRIPTION OF THIS PROCEDURE. THIS AGENCY MAY FIND AFTER INVESTIGATION THAT THERE IS NOT ENOUGH EVIDENCE TO WARRANT ACTION ON YOUR COMPLAINT; EVEN IF THAT IS THE CASE, YOU HAVE THE RIGHT TO MAKE THE COMPLAINT AND HAVE IT INVESTIGATED IF YOU BELIEVE AN OFFICER BEHAVED IMPROPERLY. CITIZEN** [or inmate/parolee] **COMPLAINTS AND ANY REPORTS OR FINDINGS RELATING TO COMPLAINTS MUST BE RETAINED BY THIS AGENCY FOR AT LEAST FIVE YEARS.**

| COMPLAINANT'S PRINTED NAME | COMPLAINANT'S SIGNATURE | DATE SIGNED | |
|---|---|---|---|
| Rudie Jaramillo | [signature] | 6-6-19 | |
| INMATE/PAROLEE PRINTED NAME | INMATE/PAROLEE'S SIGNATURE | CDC NUMBER | DATE SIGNED |
| Rudie Jaramillo | [signature] | G01678 | 6-6-19 |
| RECEIVING STAFF'S PRINTED NAME | RECEIVING STAFF'S SIGNATURE | DATE SIGNED | |
| C. Rodnicus | [signature] | 6/17/19 | |

DISTRIBUTION:
ORIGINAL
Public-Institution Head/Parole Administrator
Inmate/Parolee-Attach to CDC Form 602
Employee-Institution Head/Parole Administrator
COPY-Complainant

**STATE OF CALIFORNIA**  **DEPARTMENT OF CORRECTIONS AND REHABILITATION**
**INMATE/PAROLEE APPEAL**
CDCR 602 (Rev. 03/12)   Side 1

| IAB USE ONLY | Institution/Parole Region: | Log #: | Category: |
|---|---|---|---|
| | | 19-3132 | 7- |

You may appeal any California Department of Corrections and Rehabilitation (CDCR) decision, action, condition, policy or regulation that has a material adverse effect upon your welfare and for which there is no other prescribed method of departmental review/remedy available. See California Code of Regulations (CCR), Title 15, Section 3084.1. You must send this appeal and any supporting documents to the Appeals Coordinator (AC) within 30 calendar days of the event that led to the filing of this appeal. If additional space is needed, only one CDCR Form 602-A will be accepted. Refer to CCR 3084 for further guidance with the appeal process. No reprisals will be taken for using the appeal process.

Appeal is subject to rejection if one row of text per line is exceeded.   WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

Name (Last, First): Jaramillo Rudie   CDC Number: D07678   Unit/Cell Number: 4A1R-25   Assignment: ____

State briefly the subject of your appeal (Example: damaged TV, job removal, etc.):
Excessive force and threats

A. Explain your issue (If you need more space, use Section A of the CDCR 602-A): On monday 4-29-19 I inmate Jaramillo D07678 was the victim of Excessive force and threats by staff. At around 12:00pm and 1:00pm C/O Ruiz, Sgt. Burnes and another C.O. came to the cell door of 25 and told me to cuff up that

B. Action requested (If you need more space, use Section B of the CDCR 602-A): C.C. Ruiz, Lopez, Garcia, Rodriguez, Sgt Burnes all deserve to be fired, also they're unfit to have authority over someone they're files will show this. An investigation in their conduct. An monetary compensation for the harassment and violence I keep being done.

Supporting Documents: Refer to CCR 3084.3.
☐ Yes, I have attached supporting documents.
List supporting documents attached (e.g., CDC 1083, Inmate Property Inventory; CDC 128-G, Classification Chrono):

☒ No, I have not attached any supporting documents. Reason: Because the documents are unavailable to me at this moment due to the Olsen Review process and I asked Medical staff and they say they can't give that to me. Also, the 115 process will take time to get those documents also.

Inmate/Parolee Signature: Rudie Jaramillo   Date Submitted: 5-2-19

☐ By placing my initials in this box, I waive my right to receive an interview.

C. First Level - Staff Use Only   Staff – Check One: Is CDCR 602-A Attached?  ☐ Yes  ☐ No
This appeal has been:
☒ Bypassed at the First Level of Review. Go to Section E.
☐ Rejected (See attached letter for instruction) Date: ___ Date: ___ Date: ___ Date: ___
☐ Cancelled (See attached letter) Date: ___
☐ Accepted at the First Level of Review.
Assigned to: ___   Title: ___   Date Assigned: ___   Date Due: ___

First Level Responder: Complete a First Level response. Include interviewer's name, title, interview date, location, and complete the section below.
Date of Interview: ___   Interview Location: ___
Your appeal issue is: ☐ Granted  ☐ Granted in Part  ☐ Denied  ☐ Other: ___
See attached letter. If dissatisfied with First Level response, complete Section D.
Interviewer: ___ (Print Name)  Title: ___  Signature: ___  Date completed: ___
Reviewer: ___ (Print Name)  Title: ___  Signature: ___
Date received by AC: ___

AC Use Only
Date mailed/delivered to appellant ___/___/___

STATE OF CALIFORNIA — DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE/PAROLEE APPEAL ATTACHMENT
CDCR 602-A (REV. 03/12)

| | FOR STAFF USE ONLY | Institution/Parole Region: | Log #: | Category: |
|---|---|---|---|---|

Attach this form to the CDCR 602, only if more space is needed. Only one CDCR 602-A may be used.
Appeal is subject to rejection if one row of text per line is exceeded. WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

| Name (Last, First) | CDC Number | Unit/Cell Number | Assignment |
|---|---|---|---|

**A. Continuation of CDCR 602, Section A only (Explain your issue):** There gonna do a cell search. So I ask why. Because I already have a staff complaint and 602 involving both Ruiz and Burnes. So this might be retaliation. So I ask who. Ruiz said the LT said it was o.k. I say no. Then C/O Burnes says are you refusing to restrain. I say no I want to speak to the LT. He didn't answer. They all left then come back with C/O Rodriguez, Ruiz, Garcia, Brown, and a couple others. Suddenly the door starts to open then halfway stops. Knowing I got staff complaints on 3 of the COs I can recall I want see the door open more and for my safety, I want to be in the cell. So I can at least have some witnesses to what is going to happen. So I run into the little C/O there. I get pushed to ground inside of the cell door. Then all the COs start to hit me in the face and head. Also one is hitting me with a lot of legs on bottom of her. Burnes yelled something to grab my legs cause I'm not trying to fall. Hit the ground legs and arms go over top of I.E. I start to get struck in the face and head and I feel the voice saying then lifting me up, then back and some area. And I'm getting kicked in the face and someone saying put your hands above your waist. Burnes says break their fucking wrist. I'm getting kicked. I went back and sat up then I say my fracture (in a splint). I feel someone behind me get restrained then start to get pulled up and hit with the baton bottom again then I hear someone say get up. I'm pulled up took to the rotunda told to sit on my knees (with leg irons). I say I can't then I lay down flat and then told to sit down. So I do then I'm getting told every time I come out it'll happen again then punched by Burnes, I was then taken to the med, I pull in so I get pulled up and put on the gurney and took to CTC.

Date/Parolee Signature: 5/2/19  [signature]   Date Submitted:

**B. Continuation of CDCR 602, Section B only (Action requested):**

Date/Parolee Signature:   Date Submitted:

STATE OF CALIFORNIA
**INMATE/PAROLEE APPEAL**
CDCR 602 (Rev. 08/12)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Side 2

**D.** If you are dissatisfied with the First Level response, explain the reason below, attach supporting documents and submit to the Appeals Coordinator for processing within 30 calendar days of receipt of response. If you need more space, use Section D of the CDCR 602-A.

_____

BYPASS    BYPASS

Inmate/Parolee Signature: _____   Date Submitted: _____

**E. Second Level - Staff Use Only**    Staff – Check One: Is CDCR 602-A Attached? ☐ Yes ☐ No

This appeal has been:
☐ By-passed at Second Level of Review. Go to Section G.
☐ Rejected (See attached letter for instruction) Date: ___ Date: ___ Date: 11/05/20 Date: 11/12/20
☐ Cancelled (See attached letter)
☐ Accepted at the Second Level of Review       AMENDED
Assigned to: Appeals LT   Title: ___   Date Assigned: 5/10/19   Date Due: 6/21/19

Second Level Responder: Complete a Second Level response. If an interview at the Second Level is necessary, include interviewer's name and title, interview date and location, and complete the section below.

Date of Interview: 5/29/19   Interview Location: 4B1

Your appeal issue is: ☐ Granted ☒ Granted in Part ☐ Denied ☐ Other: ___

See attached letter. If dissatisfied with Second Level response, complete Section F below.

Interviewer: L Pickins   Title: ___   Signature: ___   Date completed: ___
Reviewer: M Gampra   Title: SDW   Signature: ___
Date received by AC: 6/20/19  Notice of Delay to 7/1/19

AMENDED M Gampra CW       AC Use Only
                         Date mailed/delivered to appellant ___/___/___

**F.** If you are dissatisfied with the Second Level response, explain reason below; attach supporting documents and submit by mail for Third Level Review. It must be received within 30 calendar days of receipt of prior response. Mail to: Chief, Inmate Appeals Branch, Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, CA 94283-0001. If you need more space, use Section F of the CDCR 602-A.

are still been recieving threats and harassments. Now the threats and harassments have begun to turn sexually derogatory. The in-house custom of passing a personal issue from one to another violent C/O, facility to facility, to continue the threats and harassments to stop 602 and continue violence has been done to me due to these issues. Since C/O's have stopped. I have not wrote them up or pursued any legal action. I want, I stated staff did in fact violate policy/procedure and any and all evidence was and is took into account. And I prefer interviews to be able to pertain all staff involved in these problems. And so there Yes can be held responsible for criminalizing authorities.

Inmate/Parolee Signature: Rudie Jaramillo   Date Submitted: 11-25-20

**G. Third Level - Staff Use Only**
This appeal has been:
☐ Rejected (See attached letter for instruction) Date: ___ Date: ___ Date: ___ Date: ___ Date: ___
☐ Cancelled (See attached letter) Date: ___
☐ Accepted at the Third Level of Review. Your appeal issue is ☐ Granted ☐ Granted in Part ☐ Denied ☐ Other: ___
See attached Third Level response.

Third Level Use Only
Date mailed/delivered to appellant ___/___/___

**H. Request to Withdraw Appeal:** I request that this appeal be withdrawn from further review because. State reason. (If withdrawal is conditional, list conditions.)

_____
_____

Inmate/Parolee Signature: ___   Date: ___
Print Staff Name: ___   Title: ___   Signature: ___   Date: ___